MUTUAL RICE Co., INC., demandante y apelante, *v.* MIGUEL TRUYOL, demandado y apelado.

No. 5459.—*Sometido:* Enero 24, 1934. *Resuelto:* Marzo 9, 1934.

*Besosa & Besosa,* abogados de la apelante; *T. Bernardini de la Huerta,* abogado del apelado.

EL JUEZ ASOCIADO SEÑOR HUTCHISON, emitió la opinión del tribunal.

En 1917 (Leyes de 1917 (II) pág. 275) la Legislatura otorgó a todo apelante, a su opción, un método alternativo de apelación. Código de Enjuiciamiento Civil, edición de 1933, p. 286. Autorizó el uso de la transcripción del récord taquigráfico, la que debía ser preparada por el taquígrafo de la corte y entregada al secretario. También dispuso que el juez señalaría un día para, luego de ser notificadas, oír a las partes antes de aprobar la transcripción, y que: ''El día fijado para su aprobación, el juez la examinará y cuidará de que la misma sea una copia exacta, verdadera y justa de los procedimientos que tuvieron lugar durante el juicio, de las declaraciones ofrecidas y tomadas, de las pruebas ofrecidas y practicadas, actos y manifestaciones de la corte, así como de todas las objeciones y excepciones de los letrados y de la materia a que las mismas se refieren.''

En el presente caso el juez de distrito, a instancias del apelado, eliminó de los autos copia de la transcripción certificada por el taquígrafo, así:

''Gonzalo Arán y Soler, taquígrafo de la Corte de Distrito del Distrito Judicial de Guayama, P. R.,

''Certifica: Que lo que antecede es una copia fiel y exacta de las notas taquigráficas tomadas por mí el día de la vista de este caso, así como de todas las declaraciones ofrecidas, de las pruebas practicadas, de todas las resoluciones, actos y manifestaciones de la Corte, así como de todas las objeciones y excepciones de los abogados de las partes y cuestiones que con las mismas se relacionan.

''Certifico además: Que la transcripción que antecede ha sido preparada por un taquígrafo empleado por el Lcdo. Harry F. Besosa, y que dicha transcripción siendo cotejada por mí es una copia fiel y correcta de lo sucedido durante el juicio del presente caso; que en el día de hoy he entregado el original de esta transcripción de evidencia al Sr. Secretario de la Corte de Distrito de Guayama, P. R., para su radicación, y que también he entregado copias personalmente, una al Lcdo. Harry F. Besosa, abogado de la demandante, y otra al Lcdo. Tomás Bernardini de la Huerta, abogado de la demandada.''

Puede admitirse que una transcripción preparada por un empleado del abogado de la parte apelante debe ser examinada más detenidamente por el juez de distrito que una preparada por el taquígrafo de la corte. Empero, es el juez de distrito, no el taquígrafo, quien de conformidad con los términos del estatuto, debe determinar si la transcripción es o no correcta y certificar su corrección. El juez puede creer que debe tener mayor confianza en una transcripción preparada por el taquígrafo de la corte que en una preparada por el taquígrafo del letrado del apelante, comparada con sus notas por el taquígrafo de la corte y certificadas por él como correctas; pero esto, sin más, no puede justificar la negativa a considerar una transcripción que el taquígrafo de la corte ha certificado como correcta, que según el recuerdo que tiene el juez de lo ocurrido en el juicio es correcta y que la parte apelada no ha alegado que es incompleta o inexacta en algún detalle. El taquígrafo de la corte siempre puede utilizarse como testigo en caso de que haya duda o disputa. Una transcripción que ha comparado cuidadosamente con las notas taquigráficas tomadas por él durante el juicio y que ha certificado como correcta cumple substancialmente con el requisito estatutario y no debe ser eliminada del récord meramente por no haber sido mecanografiada por él. Si al ser examinada se halla que la transcripción es incorrecta, el juez, desde luego, no está más obligado a aprobarla de lo que estaría a aprobar una transcripción defectuosa preparada realmente por el taquígrafo de la corte. La cuestión importante no es quién es el mecanógrafo sino si la transcripción contiene la verdad de lo ocurrido.

*La resolución apelada debe ser revocada y devolverse el caso para ulteriores procedimientos no incompatibles con esta opinión.*

El Juez Asociado Señor Wolf disintió.*

---

* NOTA: Véase el prefacio.